# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ABIGAIL GOLDSTEIN,**

    Plaintiff,

v.                                                                                              8:23-cv-1337-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

---

## ORDER GRANTING FEES

Before the court is plaintiff Abigail Goldstein's unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 36). On April 5, 2024, the Commissioner sought remand. (Doc. 32). On April 8, 2024, the court granted the motion and, pursuant to sentence four of 42 U.S.C. § 405(g), reversed the decision of the Commissioner and remanded the case. (Doc. 33). Final judgment was also entered on April 8, 2024. (Doc. 34). Now, Goldstein requests an award of $7,186.28 in attorney's fees. (Doc. 36).

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no

special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Goldstein's attorneys request $242.78 an hour for 29.60 hours of work in 2023. (Doc. 36 at 2-3; Doc. 36-1). This reflects a reasonable amount of hours at a reasonable hourly rate.

Accordingly, the unopposed motion for EAJA fees (Doc. 36) is **GRANTED**, and the clerk is directed to amend the judgment to include an award to Goldstein of **$7,186.28** for attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Goldstein.[1]

**ORDERED** on May 7, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Goldstein filed a signed attorney's fees contract. (Doc. 36-2). Under the contract, Goldstein waived direct payment of the EAJA fees and assigned her rights to any EAJA fees to her attorneys. (*Id.*).